UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAN DANIELS, | ) | NO. CV 11-3880-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 13, 2011, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 9, 2011. Plaintiff filed a motion for summary judgment on

October 11, 2011. Defendant filed a cross-motion for summary judgment on December 12, 2011. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 17, 2011.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since November 7, 2001, based on alleged depression, pain, and spinal impairments following a work-related injury (Administrative Record ("A.R.") 116, 142-44, 158-59). Medical records show that Plaintiff received treatment from Dr. Jon Greenfield, a workers compensation physician and orthopedic surgeon, from February 4, 2002 through at least May 12, 2005 (A.R. 192-202, 250-263, 266-74, 278-297). Dr. Greenfield diagnosed Plaintiff at various times with cervical disc disease and chronic neck and back pain (A.R. 250, 278).[1] Dr. Greenfield regarded Plaintiff's orthopedic problems as so limiting as to preclude Plaintiff from returning to her previous work (A.R. 250-58, 260).

In 2007, the Administrative Law Judge ("ALJ") deemed Plaintiff not disabled and denied benefits (A.R. 103-10). The ALJ found that Plaintiff suffered from severe chronic neck and back pain, but

---

[1] A February 9, 2002 MRI of Plaintiff's cervical spine showed "significant" disc disease in the cervical spine, "significant" right-side foraminal narrowing at C4-C5 with "some mild flattening of the cord and stenosis," disc bulge at C5-C6, and left paracentral disc bulge at C6-C7 with "mild" left-sided foraminal narrowing (A.R. 242-43). A March 4, 2002 needle electromyography study showed no evidence of radiculopathy (A.R. 244-46). An August 19, 2005 x-ray of Plaintiff's lumbar spine showed "mild" disc degeneration at L4-L5 and facet joint arthritis at L5-S1 (A.R. 219).

retained the residual functional capacity to perform a full range of sedentary work (A.R. 105-09). Applying the Grids (Medical Vocational Rule 201.28), the ALJ concluded that there existed jobs that Plaintiff could perform (A.R. 109).

In 2008, the Appeals Council remanded the case to the ALJ (A.R. 137-39). The Appeals Council stated, inter alia, that the ALJ's decision did not contain an adequate evaluation of Dr. Greenfield's treating source opinion that Plaintiff "should not look up, down, or to the right or left for prolonged periods of time," and "could work above shoulder height for only ten minutes every hour and at shoulder height only twenty minutes every hour" (A.R. 137-38 (referencing Dr. Greenfield's June 25, 2002 "Final Permanent and Stationary Report" at A.R. 201); see also A.R. 261 (Dr. Greenfield's April 25, 2003 report noting similar limitations)).[2]

On remand, the ALJ acknowledged that the Appeals Council had directed the ALJ to give "further consideration to treating source opinions" (A.R. 24). Nevertheless, the ALJ again denied benefits

---

[2] State agency physician, Dr. Chien, reviewed Plaintiff's treatment records and completed a Physical Residual Functional Capacity Assessment form dated September 7, 2005 (A.R. 222-31). Dr. Chien diagnosed Plaintiff with chronic cervical and lumbosacral strain (A.R. 222). While Dr. Chien checked boxes indicating that Plaintiff could perform the physical demands of medium work (A.R. 223), Dr. Chien opined that Plaintiff should "avoid repetitive above shoulder level reaching" (A.R. 225). Consultative internal medicine examiner, Dr. Sourehnissani, earlier had examined Plaintiff and provided a report dated August 19, 2005 (A.R. 213-18). Dr. Sourehnissani, who did not review any of Plaintiff's medical records, opined that Plaintiff could perform medium work with no limitations (A.R. 217).

2

1  without expressly addressing Dr. Greenfield's opinions regarding
2  Plaintiff's work limitations (A.R. 24-33).[3]  This time, however, the
3  Appeals Council denied review (A.R. 13-15).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

///
///

---

[3] Specifically, the ALJ found Plaintiff suffered from severe degenerative disc disease of the cervical spine and adjustment disorder with mixed anxiety and depressed mood (A.R. 27).  The ALJ found Plaintiff capable of performing light work with no physical limitations, and adopted testimony of a vocational expert suggesting that Plaintiff could perform particular jobs (A.R. 28-33).  In so doing, the ALJ did not explain the weight given to the medical source opinions concerning Plaintiff's physical ailments (Id.).  The ALJ acknowledged Dr. Greenfield's "progress reports" while finding Plaintiff's impairments "severe," but never mentioned Dr. Greenfield's specific opinions regarding work limitations (A.R. 27-33).

**DISCUSSION**

Plaintiff argues, <u>inter alia</u>, that the ALJ failed adequately to consider how Plaintiff's spine impairment may have affected her residual functional capacity. The Court agrees that the ALJ should have accounted for Dr. Greenfield's specific opinions regarding Plaintiff's work limitations.

A treating physician's conclusions "must be given substantial weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions); <u>see generally</u> 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Even where the treating physician's opinions are contradicted,[4] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial

---

[4] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

4

evidence") (citation and quotations omitted). Here, the ALJ's failure to acknowledge Dr. Greenfield's specific opinions was in error. See Lingenfelter v. Astrue, 504 F.3d 1028, 1045 (9th Cir. 2007) ("The decision of an ALJ fails. . . when the ALJ completely ignores or neglects to mention a treating physician's medical opinion that is relevant to the medical evidence being discussed.") (citations omitted); Carter v. Astrue, 308 Fed. App'x 75, 76 (9th Cir. Jan. 8, 2009) (ALJ's failure to mention treating physician's findings was erroneous in light of the ALJ's obligation to explain why significant probative evidence has been rejected) (citations omitted).[5]

The ALJ's error in failing to account for Dr. Greenfield's specific opinions may have been material. The vocational expert did not offer an opinion concerning whether the upper extremity limitations Dr. Greenfield found would affect Plaintiff's ability to perform the jobs the vocational expert identified. See A.R. 547-50 (vocational expert testifying in response to hypothetical concerning person suffering only mental limitations). Because the circumstances of this case suggest that further administrative review is needed to determine whether the ALJ's failure properly to consider Dr. Greenfield's opinions prejudiced Plaintiff, remand is appropriate. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation

---

[5] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

1 or explanation.") (citations and quotations omitted). Remand is
2 proper where, as here, additional administrative proceedings could
3 remedy the defects in the decision. <u>McAllister v. Sullivan</u>, 888 F.2d
4 599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d
5 1496, 1497 (9th Cir. 1984).[6]

6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///

---

[6] The Ninth Circuit's decision in <u>Harman v. Apfel</u>, 211 F.3d 1172 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) ("<u>Harman</u>") does not compel a reversal rather than a remand of the present case. In <u>Harman</u>, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." <u>Harman</u> at 1178 (citations and quotations omitted). Assuming, <u>arguendo</u>, the <u>Harman</u> holding survives the Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. at 16, the <u>Harman</u> holding does not direct reversal of the present case. It is not clear that the ALJ would be required to find Plaintiff disabled for the entire period of claimed disability, even if Dr. Greenfield's opinions were fully credited. As noted above, there is no vocational expert evidence concerning whether there exists work that could be performed by a person having the limitations Dr. Greenfield found to exist.

6

## CONCLUSION

For all of the foregoing reasons,[7] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 14, 2011.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.